# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS, | CASE NO. 1:09-cv-00659-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JONATHON AKANNO, et al., | (Doc. 10) |
| Defendants. | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| | (Doc. 12) |
| | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 13, 2009. Currently pending before the Court is the first amended complaint, filed April 8, 2010, and a motion for preliminary injunction, filed July 6, 2010. (Docs. 10, 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard

under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Complaint Allegations**

Plaintiff is wheelchair bound and  incarcerated at Pleasant Valley State Prison ("PVSP"). The incidents detailed in the first twenty five pages of the compliant occurred while Plaintiff was being housed at Kern Valley State Prison ("KVSP") where the incidents alleged in the complaint took place.  There are five pages of incidents relating to his incarceration at PVSP.  Plaintiff brings suit against Defendants California Department of Corrections and Rehabilitation ("CDCR"), KVSP, Warden Anthony Hedgpeth, Associate Warden Robert Kildgord, Chief Medical Officer Doe, Staff Physician Jonathan Akanno, Health Care Manager Sharon Zamora, Supervisor of Building Trades T. Roche, Capt. P. Sanchez,  Lt. M. Cabrera, Sgt. Steelman, Sgt. Sandoval, Registered Nurse ("R.N.") K. Key, R.N. G. Magoona, Licensed Vocational Nurse ("LVN") L. Sauceda, LVN T. Ellstrom, LVN Shagoon, LVN Moorehead, LVN M. Koonce, Correctional Officers D. Campas, J. Covarrubias, M. Rients, J. Hernandez ("J. Hernandez 1"), J. Hernandez ("J. Hernandez 2"), D.

Sedlezky, Adair, Fountain, Acosta, Sanchez and fifty additional Does under the Americans With Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, the United States Constitution and California Civil Code.

Plaintiff complaint contains multiple incidents that occur over a period of several years and appear to be unrelated. The Court will not summarize all of the allegations in the first amended complaint since it entails a variety of apparently unrelated claims that would not present a cohesive basis for analysis.

For the reasons set forth below, the complaint fails to state a cognizable claim for a violation of Plaintiff's constitutional rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III.  Discussion

#### A.  Rule 18

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's first amended complaint contains multiple incidents that occur over a period of several years involving claims of excessive force, various medical claims, denial of showers at designated time and breakfast in his cell pursuant to his medical chrono, denial of continuation of

his medical chrono, being fed contaminated food, deprivation of personal property, falsely convicted of rule violations, retaliation, denial of grievances, etc.[1] He is attempting to bring suit against thirty named defendants and fifty does, not including any claims he is attempting to bring while housed at PVSP. Plaintiff is advised that his claims do not arise out of the same "transaction, occurrence, or series of transactions." It appears that Plaintiff attempts to link all the incidents described in his first amended complaint by calling them retaliatory or related to his disability. The incidents described do not involve common questions of fact or law. Many incidents occurred on different days, at different places, and involved different Defendants. The facts necessary to prove these claims are unique. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2) simply because all the incidents occurred by prison officials who are harassing Plaintiff. The mere fact that each Defendant intended to harass Plaintiff does not give rise to a common question of law or fact.

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Plaintiff is advised that a claim does not arise from a common transaction, occurrence, or series of transactions merely because both claims involve the harassment of Plaintiff. Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**B.** **Rule 8**

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of

---

[1] The Court notes that Plaintiff filed a motion to consolidate the instant case with Simmons v. Hedgpeth,1:07-cv-01058-LJO, and Simmons v. California Department of Corrections and Rehabilitation, 1:10-cv-00553-AWI-MJS. On December 6, 2010, an order was issued denying the motion in Simmons v. Hedgpeth.

Civil Procedure 8(a)(2). Plaintiff's first amended complaint is neither short nor plain. Plaintiff's first amended complaint contains thirty three pages, fifty three pages of exhibits, and lists multiple unrelated incidents.

"Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b).

"[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b). Although Plaintiff does state his claims in separate counts, each count contains multiple unrelated allegations.

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Because Plaintiff's complaint is not in compliance with Rule 8(a), the Court declines to expend its already taxed resources with attempting to sort out his claims. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. It is Plaintiff's job, not the Court's, to state a claim for each defendant.

**C.   Legal Standards**

**1.   American With Disabilities Act and Rehabilitation Act**

Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") "prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); see also Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010). To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) such exclusion or discrimination, or denial of benefits was because of his disability." Simmons, 609 F.3d at 1021 (citations omitted). "The ADA prohibits

discrimination because of disability, not inadequate treatment for disability." Id.

"To state a claim under the Rehabilitation Act, a plaintiff must allege '(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.'" O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007).

### 2. Deliberate Indifference

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

#### a. Medical Care

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to

6

plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### 3. Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (312).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Gaddy, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Wilkins, 130 S. Ct. at 1178-79; Hudson, 503 U.S. at 7.

### 4. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

## IV. Motion for Injunctive Relief

Plaintiff requests an injunction requiring officials at PVSP to stop officials from interfering

with his access to the court, return of his wheelchair gloves, restore his daily shower at 7:00 p.m., restore his single cell status, and stop officials from retaliating against him. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

At this stage in the proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law. As a result, the Court has no jurisdiction to award any preliminary injunctive relief. Further, assuming Plaintiff will be able to cure the deficiencies in his claims and set forth one or more viable federal claims, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief such as an order prohibiting the defendants from retaliating against him. Additionally, a cognizable claim against officials at KVSP would not give the Court jurisdiction to issue injunctive relief at PVSP. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001)

**V.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although

accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed April 8, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     December 7, 2010

UNITED STATES MAGISTRATE JUDGE

9