# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS, | CASE NO. 1:09-cv-00659-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH AN ORDER OF THE COURT |
| v. | |
| JONATHON AKANNO, et al., | (ECF No. 23) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Screening Requirment**

Plaintiff Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the second amended complaint, filed January 28, 2011. (ECF No. 23.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
2  (2007)).

3  **II.      Discussion**

4          Plaintiff is currently in the custody of the California Department of Corrections and
5  Rehabilitation ("CDCR") and is housed at Pleasant Valley State Prison. Plaintiff is disabled and has
6  been confined to a wheelchair since 2000. (Sec. Am. Compl. ¶¶ 5, 7, ECF No. 23.) Although
7  Plaintiff was previously advised that he could not include all these unrelated claims and defendants
8  in a single complaint, he brings this action naming Defendants Jonathan Akanno, CDCR, Kern
9  Valley State Prison, Anthony Hedgpeth, Robert Keldgord, an unnamed Chief Medical Officer,
10 Sharon Zamora, P. Sanchez, M. Cabrera, Steelman, Sandoval, J. Key, Mohammad Ali, L. Sauceda,
11 D. Campas, J. Covarrubias, J. Hernandez, D. Sedkezky, and Does 1 to 50. He is alleging multiple
12 claims including deliberate indifference to his medical needs due to denial of treatment for his
13 disability; failure to make reasonable modifications in policies, practices, and procedures to
14 accommodate his disability under the Americans With Disabilities Act and Rehabilitation Act;
15 retaliation; denial of inmate grievances; interference with pain medication; conspiracy; and
16 falsification of records. See George v. Smith, 507 F.3d 605 (7th Cir. 2007).

17         Plaintiff begins his complaint by stating "[t]he following facts, occurrences, events and/or
18 circumstances are necessary to provide a cohesive basis for proper analysis." (Id., § 21.) The
19 complaint contains approximately nine pages of allegations of unrelated events occurring from July
20 2006 to March 2009. It appears that Plaintiff believes these claims are related because they are in
21 some way connected to his disability. Plaintiff is advised that neither the fact that he is disabled, nor
22 that the specific allegation is related to his disability, make the claims related. Plaintiff may not
23 bring his claims for failure to comply with the Americans With Disabilities Act in the same action
24 as his claim that a different defendant failed to provide him with pain medication or provide medical
25 treatment or that Plaintiff is being retaliated against for sitting on the IAC. These incidents do not
26 arise out of the same transaction, occurrence, or series of transactions and involve different
27 defendants.

28         Plaintiff must decide which claim he wishes to pursue in this action and only allege facts

specific to that claim. The Court does not need the extensive history of Plaintiff's confinement and alleged prior mistreatment by prison officials to determine if he has stated a claim. Plaintiff is only to allege the facts that occurred in the specific events that apply to the current claim. Plaintiff will be granted one final opportunity to file an amended complaint that complies with Federal Rules of Civil Procedure 8 and 18, as described in the order issued December 8, 2010. If Plaintiff fails to comply with this and the prior order, this action will be dismissed for failure to comply with an order of the court.

### III.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed January 28, 2011, is dismissed for failure to comply with a court order;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the action will be dismissed for failure to comply with a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated:  February 18, 2011

UNITED STATES MAGISTRATE JUDGE