# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS,<br><br>Plaintiff,<br>v.<br><br>JONATHAN AKANNO, et al.,<br><br>Defendants.<br>_____/ | CASE NO.  1:09-cv-00659-GBC (PC)<br><br>ORDER DENYING REQUEST FOR LEAVE TO APPEAL SCREENING ORDERS<br><br>(ECF No. 25) |

**ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on April 14, 2009 and consented to Magistrate Judge jurisdiction on June 8, 2009. (ECF Nos. 1 & 8.) Plaintiff then filed a First Amended Complaint on April 8, 2010. (ECF No. 10.) No other parties have appeared in this action.

Plaintiff's First Amended Complaint was dismissed with leave to amend for failure to state a claim on December 8, 2010. (ECF No. 20.) Plaintiff filed his Second Amended

Complaint which was also dismissed for failure to state a claim on February 18, 2011. (ECF Nos. 23 & 24.) Plaintiff filed his Third Amended Complaint on March 28, 2011. (ECF No. 28.) The Court has not yet screened Plaintiff's most recent amended complaint.

Pending before the Court is Plaintiff's "Objections and Motion/Request for Leave to Appeal Orders of December 8, 2010 and February 18, 2011". (ECF No. 25.) This Court construes and analyzes Plaintiff's motion/request for leave as a request for certification of an interlocutory appeal.

### III.  **ARGUMENT**

Plaintiff objects to the Court's Screening Orders filed December 8, 2010 and February 18, 2011 and asks for leave to appeal those orders. Plaintiff states that he disagrees with the Court's finding that he can not bring his claim under the American's with Disabilities Act and his claim for inadequate medical care in the same action. He also states that his complaints must be liberally construed.

As to his request for leave to seek appellate review, Plaintiff states that: "1) The Court's Order(s) a) conclusively determines Plaintiff's right to bring multiple claims in a single action; b) review is necessary to resolve an important issue separate from the merits of the action; and c) the Court's Order indicated that failure to comply with, in all due respect, the pleading standard under Federal Rule of Civil Procedure 8(a) will result in dismissal with prejudice, and that all causes of action not alleged in the Amended Complaint is 'waived,' and would not be reviewable, depriving Plaintiff of his substantive right to relief." (ECF No. 24, p. 2.)

////

## IV. Legal Standard and Analysis

When an issue is unresolved and interlocutory resolution could materially advance the termination of the litigation, 28 U.S.C. § 1292(b) permits a question to be certified for appeal, when a district court certifies that an order not otherwise appealable under section 1292(b) "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." U.S. v. W.R. Grace, 526 F.3d 499, 522 (9th Cir. 2008); 28 U.S.C. § 1292(b). "Section 1292(b) provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." Caterpillar Inc. v. Lewis, 519 U.S. 61, 74, n.10 (1996). Thus, section 1292(b) requires a two step application process.

Step one is at the district court level for certification of the order – which is discretionary. S. Repr. 2434, 85th Cong., 2d Sess., 1958, in 1958 U.S. Code Cong. & Admin. News 5255, 5257. Indeed, permissive interlocutory appeal is not available absent written certification from the district court. Credit Suisse v. U.S. District Ct., 130 F.3d 1342, 1346 (9th Cir. 1997). A district court may amend its order to add findings for an interlocutory appeal. Rule 5 of the Federal Rules of Appellate Procedure governs appeals by permission under section 1292(b):

(a) Petition for Permission to Appeal
. . .
(3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.

If a district court certifies an order for interlocutory appeal because it involves a controlling question of law, after the order is initially entered, the proper procedure is to amend the order to contain the required certification. Haas v. Pittsburgh Nat. Bank, 627 F.2d 677, 679 n.1 (3d Cir. 1980). A certification order that is not directly framed as an amendment of the original order may nonetheless be treated as an amendment. Id. Though not stated as such, the practical application of the permission for leave to appeal sought by Plaintiff requests that this Court amend its orders dismissing the Complaints to permit him to pursue an appeal pursuant to section 1292(b).

Step two under section 1292(b) is before the court of appeals for permission to appeal. U.S. v. W.R. Grace, 526 F.3d at 522 ("once the district [court] opens the gate to this court, we exercise complete, undeferential review to determine whether the court properly found that § 1292(b)'s certification requirements were satisfied.") "[A] party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001). Thus, this Court has the authority to entertain the petition for certification of an order for interlocutory order, because Plaintiff consented to Magistrate Judge jurisdiction[1] and certification by the district court is the first step in section 1292(b) procedure.

Section 1292(b) imposes three criteria that must be met before a district court may

---

[1] Plaintiff consented to magistrate judge jurisdiction for all proceedings in this case. (ECF No. 8.) Therefore, the Magistrate Judge has authority to conduct all proceedings in the district court in this action. See Rule 305 and Appendix A(k)(4) of the Local Rules of the Eastern District of California, Fed. R. Civ. P. 73(a).

4

certify an interlocutory appeal:  the order must state "(1) that there is a controlling question of law; (2) that there is substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd, 459 U.S. 1190 (1983); 28 U.S.C. § 1292(b).

"Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 573 (1st Cir. 2004). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." McFarlin v. Conesco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). "Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function." Weber v. U.S. Trustee, 484 F.3d 154, 159, n.3 (2nd Cir. 2007). Only "exceptional circumstances justify departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

1. Controlling Question of Law

An issue is "controlling" if its resolution could materially affect the outcome of the litigation. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d at 1026 (trial judge's recusal is a collateral issue). Section 1292(b) appeals should be reserved for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts," and requires that "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten trial." McFarlin, 381 F.3d at 1259. "The Supreme Court has recognized that 28 U.S.C. § 1292(b) acts as a safety valve for 'serious legal questions

5

taking the case out of the ordinary run.'" Estate of Kennedy v. Bell Helicopter Textron, Inc., 283 F.3d 1107, 1116 (9th Cir. 2002) quoting Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 883 (1994).

"The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts . . . ." Id. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." Id. The term "question of law" does not mean the application of settled law to fact. Ahrenholz v. Board of Trustees of the University of Illinois, 219 F.3d 674, 676 (7th Cir. 2000). Nor does it mean any question, the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. See id. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record." Id. at 677.

Plaintiff disagrees with, and apparently seeks appellate review of, this Court's screening orders and the Court's application of procedural law (specifically Federal Rule of Civil Procedure 8) to Plaintiff's factual allegations within his First Amended Complaint and Second Amended Complaint. Plaintiff seems to be arguing that this Court's determination that he cannot proceed on his ADA claims and his medical claims in the same action is improper and should be reviewed by the appellate court. Reviewing this issue would require extensive factual review, essentially a re-screening of Plaintiff's factual allegations in his First and Second Amended Complaints which is the "antithesis of a proper § 1292(b) appeal," McFarlin, 381 F.3d at 1259, and does not involve a controlling

6

question of law so as to justify certification by this Court for appeal under section 1292(b).

### 2. Difference of Opinion

"In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." McFarlin, 381 F.3d at 1259. When an appellate court is in "complete and unequivocal" agreement with a district court, there is no "substantial ground for difference of opinion." McFarlin, 381 F.3d at 1258.

Plaintiff does not show a difference of legal opinion as to the issues he challenges. Rather, the only difference of opinion raised by the present motion is Plaintiff's difference of opinion with this Court as to whether the factual allegations in the First and Second Amended Complaints stem from the same transaction, occurrence, or series of transactions and should be brought in the same action.

A district court has a duty "to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." Max Daetwyler Corp. v. Meyer, 575 F.Supp. 280, 283 (E.D. Pa. 1983). This Court analyzed the strength of Plaintiff's factual allegations to state any cognizable claims, and construed all inferences in the light most favorable to Plaintiff. Substantial ground for dispute did not exist at that time. A current review again reveals a lack of substantial ground for dispute, and Plaintiff presents none. Instead, Plaintiff relies on the difference between his view (that he should be allowed to proceed with all claims presented in the Amended Complaints) and this Court's ruling dismissing his Amended Complaints with leave to amend for failure to state any cognizable claims. Plaintiff's arguments thus do not give rise to a substantial ground for dispute.

### 3. Material Advancement

A party seeking interlocutory certification must show that an immediate appeal may "materially advance," rather than impede or delay, ultimate termination of the litigation. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d at 1026. "When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378-379.

Plaintiff does not address whether a section 1292(b) appeal in his favor would materially advance this action. Rather, without arguing as much, Plaintiff appears to believe that this Court's decisions upon screening of the Amended Complaints were incorrect and that the Ninth Circuit will rule in Plaintiff's favor to correct the error and allow Plaintiff to proceed on all claims alleged.

Plaintiff fails to persuade this Court that a section 1292(b) appeal will materially advance this action; rather, it appears that a section 1292(b) appeal would increase chances of delay. Even if this case was certified for interlocutory appeal by this Court, the Ninth Circuit accepted it for appeal, and ruled in Plaintiff's favor, there would most likely be a remand to this Court to screen the Third Amended Complaint – which is the precise posture of the action on this very date. An orderly appeal can be taken from an entered judgment, if after screening, the Third Amended Complaint and any subsequent amended complaints which Plaintiff is granted leave to file are found not to state any cognizable claims so as to result in this action's ultimate dismissal.

Thus, this Court declines to certify an interlocutory appeal for Plaintiff as he failed to present any issue that involves a controlling question of law which would not require the

appellate court to delve beyond the surface of the record in order to determine the facts; he fails to show that there is substantial grounds for difference of opinion; and an immediate appeal will not materially advance the ultimate termination of the litigation.

## IV.     Conclusion and Order

Based on the foregoing, Plaintiffs "Objections and Motion/Request for Leave to Appeal Orders of December 8, 2010 and February 18, 2011," filed on March 17, 2011, is DENIED as a request for certification of interlocutory appeal under 28 U.S.C. § 1292(b). IT IS SO ORDERED.

Dated:   April 22, 2011                                    _____
                                                           UNITED STATES MAGISTRATE JUDGE