1
2
3
4
5
6

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| CHRISTOPHER SIMMONS, | CASE NO: 1:09-cv-00659-GBC (PC) |
| Plaintiff, | ORDER REVOKING IN FORMA PAUPERIS STATUS |
| v. | |
| JONATHAN AKANNO, et al., | PLAINTIFF IS ORDERED TO PAY REMAINING BALANCE OF FILING FEE |
| Defendants. | WITHIN THIRTY DAYS |
| _____/ | |

9
10
11
12
13
14
15

**ORDER**

16

**I.    PROCEDURAL HISTORY**

17       Christopher Simmons ("Plaintiff") is a state prisoner proceeding pro se and in forma

18 pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this

19 action on April 13, 2009. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction

20 pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 9.)  This action proceeds on Plaintiff's Third

21 Amended Complaint, which has not yet been screened by this Court.  (ECF No. 28.)  No

22 other parties have appeared.

23       Plaintiff brings this civil rights action against various California Department of

24 Corrections and Rehabilitation ("CDCR") employees, medical staff, the CDCR itself, and

25 Kern Valley State Prison, among others.  Plaintiff alleges a multitude of violations including

26 interference with access to courts and retaliation for exercising his free speech rights both

27 in violation of the First Amendment, due process violations, inadequate medical care in

28 violation of the Eighth Amendment, equal protection violations, and actions under the

American's with Disabilities Act, among others.

A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit revealed that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Relying on Section 1915(g), the Court ordered that Plaintiff show cause why he did not meet the three-strike criteria and why his in forma pauperis ("IFP") status should not be revoked.  (ECF No. 30.)  Plaintiff was given thirty days to respond.

On May 25, 2011, Plaintiff filed his response arguing imminent danger at the time of the complaint: 1) imminent danger must have been found when the IFP order was granted, and 2) Plaintiff remains in imminent danger.  (ECF No. 31.)  The pleading goes on, at some length, about another case of his that is also before this Court, requests severance of state claims, details events that occurred while he was ADA chairman, states concerns about placement of lockers in cells, and makes the statement that he "remained under imminent danger until and after his transfer" (ECF No. 31, p. 4), among other things.

## II.   **LEGAL STANDARD AND ANALYSIS**

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions and appeals count as strikes under Section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]."  Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

1  was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v.

2  King, 398 F.3d 1113, 1121 (9th Cir. 2005).

3  As previously noted in the Show Cause Order, the Court took judicial notice that

4  Plaintiff had two prior actions dismissed for being frivolous and/or for failing to state a claim

5  for which relief can be granted under Section 1983 and three appellate cases dismissed

6  based on a similar finding and Plaintiff's subsequent failure to pay the filing fee.[2]

7  Therefore, as previously found in Simmons v. Clark, 88 Fed.Appx. 275, 2004 WL 363452,

8  No. 03-15439 (9th Cir.), Plaintiff has three or more strikes and became subject to Section

9  1915(g) well before filing this action on April 13, 2009.

10  Plaintiff now argues, pursuant to Section 1915(g), that his original complaint does

11  include allegations that he was "under imminent danger of serious physical injury." Plaintiff

12  is correct in that he made the conclusory allegation that he was in imminent danger.

13  Plaintiff included the phrase "under imminent danger of serious physical injury" in the title

14  of his original complaint.  Plaintiff also repeatedly stated that he suffered serious physical

15  injury and remained under imminent danger of physical injury, and that he feared for his

16  safety.  However, these statements appear to be unfounded as they are not explained by

17  any additional facts nor is any imminent danger obvious from his statement of the case and

18  the alleged claims.  Plaintiff does not explain why he feared for his safety.  He does state

19  that he was threatened by staff.  However, verbal abuse is not sufficient to demonstrate

20  imminent harm of physical danger.  Further, it does not appear from the complaint that he

21  had any reason to fear for his safety or was in any form of imminent danger.  Plaintiff's

22

23  [2] Simmons v. Sacramento Super. Ct., 2:00-cv-02596-GEB-JFM (PC) (E.D. Cal.) (dismissed June
   20, 2001 for failure to state a claim); Simmons v. Sacramento Super. Ct., 2:99-cv-00789-FCD-JFM (PC)
24  (E.D. Cal.) (dismissed August 24, 1999 for being frivolous); Simmons v. Sacramento County Super. Ct.,
   No. 99-17234 (9th Cir.) (dismissed March 9, 2000 for failure to prosecute after a finding of frivolousness
25  and/or failure to state a claim upon which relief may be granted and Plaintiff's subsequent failure to pay
   the filing fee); Simmons v. Clark, No. 01-16488 (9th Cir.) (dismissed December 19, 2001 for failure to
26  prosecute after a finding of frivolousness and/or failure to state a claim upon which relief may be granted
   and Plaintiff's subsequent failure to pay the filing fee); Simmons v. Clark, 88 Fed.Appx. 275, 2004 WL
27  363452, No. 03-15439 (9th Cir.) (dismissed February 26, 2004 after the Court affirmed the District Court's
   dismissal of Plaintiff's action pursuant to Section 1915(g) because "the record show[ed] that [Plaintiff] has,
28  on three or more prior occasions, brought an action that was dismissed as frivolous, malicious, or for
   failure to state a claim." Id. at 275.).

original complaint makes several claims including interference with legal mail and access to courts both, apparently, in retaliation for filing grievances, medically-related complaints, and ADA-related complaints.

It appears to the Court that the only allegations having any possible connection to imminent danger are his pain medication allegations.  Plaintiff details bits and pieces of his medical history stating that he was given pain medication; medical personnel reduced the amount he was given daily; the dosage was then increased; he was "shorted" pain medication; and that he eventually received pain medication three times per day again. It appears to the Court that, at the time of the original complaint, Plaintiff was receiving pain medication, though he occasionally disagreed with the dosage.  Thus, these allegations do not qualify as imminent danger.

Plaintiff stated that disabled inmates were in imminent danger due to the placement of lockers in the prison cells and their sharp edges.  However, it appears to the Court that Plaintiff was expressing a possibility of harm due to the placement of the lockers in the cell. A *possibility* of harm does not demonstrate *imminent* danger of physical harm.

The remainder of Plaintiff's complaint appears to explain other claims of action already determined in previous cases.  It is difficult for the Court to determine what exact claims Plaintiff is attempting to pursue in this action.  Regardless, Plaintiff does not demonstrate that he was in imminent harm at the time of the original complaint.

**III.    CONCLUSION AND ORDER**

The Court has reviewed Plaintiff's original complaint filed April 14, 2009 and finds that Plaintiff does not meet the imminent danger exception.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

//

///

////

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's in forma pauperis status in this action is REVOKED; and

2.      Plaintiff is given thirty days to pay the remaining balance of the filing fee.

3.      Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:     June 6, 2011

_____
UNITED STATES MAGISTRATE JUDGE