# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SIMMONS, | CASE NO. 1:09-cv-00659-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| JONATHON AKANNO, et al., | (ECF No. 36) |
| Defendants. | CLERK TO CLOSE CASE |

**ORDER**

Plaintiff Christopher Simmons is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.

On June 6, 2011, the Court issued an Order revoking Plaintiff's in forma pauperis status. (ECF No. 32.) Pending before the Court now is Plaintiff's Motion for Reconsideration filed on August 16, 2011. (ECF No. 36.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff relies on segments of an order from Armstrong v. Schwarzenegger, 261 F.R.D. 173 (N.D.Cal. Sep. 16, 2009), affirmed in part, vacated in part by 622 F.3d 1058 (9th Cir. 2010), where, Plaintiff states, injunctive relief was granted. Plaintiff's reliance on this language is improper as an order granting injunctive relief in that case has no bearing on this case. Armstrong appears to have been a class action of disabled prisoners requesting that their needs be accommodated, among other things.

Plaintiff's action is about Plaintiff specifically and any imminent harm as related to him at the time of the original complaint. Plaintiff repeatedly states that he suffered harm in 2008 due to locker placement. Again, this does not demonstrate that, at the time of the original complaint, Plaintiff was under the threat of imminent danger of physical harm. As an allegation of harm does not constitute a credible allegation that Plaintiff was in imminent danger of serious physical injury. Plaintiff has offered no new evidence, no indication of any error committed by the Court, nor has he cited any change in the controlling law as to the alleged imminent harm. Plaintiff does not offer any new or different facts or circumstances.

Because Plaintiff did not meet his burden as the party moving for reconsideration, his motion is HEREBY DENIED.

Further, even after receiving an extension of time, Plaintiff has failed to pay the remaining balance of the filing fee as he was required to do pursuant to Court Order. (ECF

1  No. 32.) Therefore, this action is DISMISSED WITHOUT PREJUDICE. Clerk shall CLOSE
2  THE CASE.
3  IT IS SO ORDERED.

4
   Dated:    August 22, 2011
5                                                                      UNITED STATES MAGISTRATE JUDGE